UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Alex Hudson, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>Palm Beach Tan, Inc.<br><br>Defendant. | Case No. 1:23-cv-486<br><br>**CLASS ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff Alex Hudson (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, brings this Class Action Complaint against Defendant Palm Beach Tan, Inc. as follows:

## INTRODUCTION

1. Plaintiff brings this class action for damages resulting from the illegal actions of Defendant Palm Beach Tan, Inc. ("Defendant" or "Palm Beach"). Defendant placed repeated telemarketing text messages to Plaintiff's telephone – over Plaintiff's request for Defendant to stop – in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), thereby invading Plaintiff's privacy.

2. Defendant is the largest chain of indoor tanning salons, with hundreds of locations across the United States.[1] To promote its business and encourage people to visit its tanning salons and purchase tanning products and services, Palm Beach operates an aggressive telemarketing campaign where it repeatedly sends text messages to telephone numbers that have been placed on the National Do-Not-Call Registry for at least 30 days and over the messaged

---

[1] https://palmbeachtan.com/locations/ (last visited June 15, 2023).

party's objections.

3. Indeed, more than a decade after Plaintiff's telephone number was added to the National Do-Not-Call Registry in 2009, and over Plaintiff's repeated requests for Defendant to "STOP" messaging him, Palm Beach has placed repeated telemarketing text messages to Plaintiff's cellular telephone advertising various promotions (e.g., "Palm Beach Tan: Save Big On Lotions – 10% Off 1 Lotion – 20% Off 2 Lotions – 30% Off 3 Lotions – Offer Ends 1/1").

4. Accordingly, Plaintiff seeks to represent a class of similarly situated persons who have also received unwanted telemarketing text messages from Palm Beach, and to certify the following class:

> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) were sent text messages by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of encouraging the purchase or rental of Defendant's products and/or services; and (5) where either (a) Defendant did not obtain prior express written consent to message the person or (b) the called person previously advised Defendant to "STOP" messaging them.

## JURISDICTION

5. Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 as this action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA") and 47 C.F.R. § 64.1200.

6. The Court has personal jurisdiction over Defendant and the venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant does business in this district including operating more than thirty (30) retail locations within North Carolina[2]; and a substantial portion of the acts giving rise to this action, including Plaintiff's receipt of Defendant's illegal text messages, occurred in this District.

---

[2] https://palmbeachtan.com/locations/NC (last visited June 15, 2023).

## PARTIES

7. Plaintiff, Alex Hudson ("Plaintiff"), is an adult individual residing in Winston-Salem, North Carolina, and is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant, Palm Beach Tan, Inc. ("Defendant"), is a Texas business entity with a principal place of business at 6321 Campus Circle Drive, East Irving, Texas 75063, and is a "person" as defined by 47 U.S.C. § 153(39).

## THE NATIONAL DO-NOT-CALL REGISTRY

9. The National Do-Not-Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2).

10. A listing on the Do-Not-Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

11. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Do-Not-Call Registry and provides a private right of action against any entity that initiated more than one such telephone solicitation within any 12-month period. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

12. In addition, the TCPA and implementing regulations prohibit the initiation of any call for telemarketing purposes to a residential telephone subscriber where the caller does not, *inter alia,* "honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made." 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(d)(3).

13. Telephone solicitations under 47 C.F.R. § 64.1200(c)(2) include text messages and "a cell phone is presumptively residential." *Chennette v. Porch.com, Inc.*, 50 F.4th 1217, 1225 (9th Cir. 2022). *See* 47 C.F.R. § 64.1200(e) ("The rules set forth in paragraph (c) and (d) of

3

this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers")

## FACTUAL ALLEGATIONS

14. Plaintiff registered his residential cellular telephone number, 336-XXX-3026 (the "3026 Number") with the National Do-Not-Call Registry in November 2009.

15. However, within the last several years Defendant sent repeated telephone solicitation text messages to Plaintiff's 3026 Number.

16. As depicted in the below screenshots, Palm Beach's text messages advertised various promotions and sales available at Palm Beach tanning salons in order to encourage recipients to visit the salons and make purchases (e.g., "Palm Beach Tan: BOGO Sunbed Tans & Upgrades + Lotion Specials. See salon for details. Ends 5/30 Reply STOP to opt out. Msg&data rates may apply"). Some of the text messages also advertised Palm Beach's "Premier Rewards" loyalty program and related promotions:







17. Palm Beach's telemarketing text messages to Plaintiff advised that he could "Reply STOP to opt out."

18. Thus, on at least 10 separate occasions – including on May 23, 2022, June 28, 2022, August 25, 2022, December 20, 2022, December 27, 2022, January 31, 2023, February 7, 2023, February 13, 2023, February 16, 2023 and February 23, 20223 – Plaintiff messaged Defendant "STOP" and "Stop" in order to get Defendant to stop contacting him.

7

19. Defendant repeatedly confirmed receipt of Plaintiff's "STOP" messages and messaged Plaintiff "You have opted-out and will receive no further messages from Palm Beach Tan. For info call 1-888-725-6826 or reply HELP for help."

20. However, as depicted in the screenshot above, despite Plaintiff's unequivocal instructions that Defendant stop all text messages and Defendant's confirmation of receipt of the request, Defendant continued to place telemarketing text messages to the 3026 Number.

21. Additionally, by repeatedly messaging Palm Beach to "STOP" contacting him, Plaintiff terminated any established business relationship that could have existed between the Parties. Indeed, a "subscriber's seller-specific do-not-call request . . . terminates an established business relationship for purposes of telemarketing and telephone solicitation even if the subscriber continues to do business with the seller." 47 C.F.R. § 64.1200(f)(5)(i).

22. Further, even though Defendant had the ability to program its telephone dialing systems to honor "Stop" requests immediately, Defendant instead deliberately programmed its telephone dialing systems to ignore such requests and continue sending telemarketing messages to consumers for months after receiving a "Stop" request.

23. None of Defendant's messages to Plaintiff's were for an emergency purpose.

24. Plaintiff was damaged by Defendant's unconsented text messages. In addition to using Plaintiff's telephone data, phone storage, and battery life, Plaintiff's privacy was wrongfully invaded, and Plaintiff has become understandably aggravated with having to deal with the frustration of repeated, unwanted text messages, forcing Plaintiff to divert attention away from other activities.

# CLASS ACTION ALLEGATIONS

A. <u>**The Class**</u>

25. Plaintiff brings this case as a class action on behalf of himself and all others similarly situated.

26. Plaintiff represents, and is a member of the following class (the "Class"):

**Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) were sent text messages by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of encouraging the purchase or rental of Defendant's products and/or services; and (5) where either (a) Defendant did not obtain prior express written consent to message the person or (b) the called person previously advised Defendant to "STOP" messaging them.

27. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the class members number in the thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

B. <u>**Numerosity**</u>

28. Upon information and belief, Defendant placed telemarketing messages to telephone numbers registered on the National Do-Not-Call List belonging to thousands of persons throughout the United States where it lacked prior express written consent to place such messages and/or such persons had previously asked Defendant to cease messaging them. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

29. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

C.  **Common Questions of Law and Fact**

30. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These questions include:

   a. Whether Defendant's messages to members of the Class were placed for telemarketing purposes;

   b. Whether Defendant can meet its burden of showing it obtained prior express written consent to place each telemarketing message;

   c. Whether the messages made to Plaintiff and Class Members violate the Do-Not-Call Registry rules and regulations;

   d. Whether Defendant deliberately programmed its telephone dialing systems to ignore "Stop" requests and continue sending telemarketing messages to telephone numbers that had previously messaged "Stop";

   e. Whether Defendant's conduct was knowing and/or willful;

   f. Whether Defendant is liable for damages, and the amount of such damages; and

   g. Whether Defendant should be enjoined from such conduct in the future.

31. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely placed telemarketing text messages to telephone numbers registered on the National Do-Not-Call Registry, and over requests to stop the messages, is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

D. **Typicality**

32. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

E. **Protecting the Interests of the Class Members**

33. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices, and specifically claims under the TCPA. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

F. **Proceeding Via Class Action is Superior and Advisable**

34. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecutions of separate claims against Defendant is small because it is not economically feasible for Class members to bring individual actions

**COUNT I**
**VIOLATIONS OF THE TCPA**
**(47 U.S.C. § 227, et seq. and 47 C.F.R. § 64.1200(c)(2) & (d)(3))**

35. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Plaintiff brings this claim on behalf of himself and the Class.

37. 47 C.F.R. § 64.1200(c)(2) provides that "No person or entity shall initiate any telephone solicitation to . . . (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator."

38. 47 C.F.R. § 64.1200(d)(3) provides that "No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards: . . . Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made."

39. The TCPA provides a private right of action to "A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations . . . ." 47 U.S.C. § 227(c)(5).

40. Defendant initiated more than one telephone solicitation text messages to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period despite the fact that Plaintiff and other class members' telephone numbers were registered on the National Do-Not-Call Registry at all relevant times.

41. Each of the aforementioned messages by Defendant constitutes a violation of the TCPA and 47 C.F.R. § 64.1200(c)(2) by Defendant.

42. In addition, Defendant initiated more than one telephone telemarketing text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendant, and Defendant failed to honor the do-not-call request within a reasonable period of time from the date the request was made.

43. Each of the aforementioned messages by Defendant constitutes a violation of the TCPA and 47 C.F.R. § 64.1200(d)(3) by Defendant.

44. Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each text message sent in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(B).

45. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future pursuant to 47 U.S.C. § 227(c)(5)(A).

46. Further, Plaintiff and the Class are also entitled to and do seek a declaration that:

- Defendant violated the TCPA;

- Defendant initiated more than one telephone solicitation text to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period despite the fact that Plaintiff and other class members' telephone numbers were registered on the National Do-Not-Call Registry at all relevant times; and

- Defendant initiated more than one telephone telemarketing text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendant, and Defendant failed to honor the do-not-call request within a reasonable period of time from the date the request was made.

**COUNT II**
**Willful Violations of the Telephone Consumer Protection Act,**
**(47 U.S.C. § 227, *et seq.* and 47 C.F.R. § 64.1200(c)(2) & (d)(3))**

47. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

48. Plaintiff brings this claim on behalf of himself and the Class.

49. Defendant is fully aware at all relevant times that the telephone numbers it sends telephone solicitations to are registered on the National Do-Not-Call Registry. Nonetheless, Defendant knowingly and/or willfully initiated more than one telephone solicitation text message

to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period even though Plaintiff and other class members' telephone numbers were registered on the National Do-Not-Call Registry at all relevant times.

50. In addition, Defendant deliberately programmed its telemarketing telephone systems to continue sending telemarketing messages to consumers after receiving a "Stop" request. Accordingly, Defendant knowingly and/or willfully initiated more than one telephone telemarketing text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendant, and Defendant failed to honor the do-not-call request within a reasonable period of time from the date the request was made.

51. Each of the aforementioned messages by Defendant constitutes a knowing and willful violation of the TCPA.

52. Plaintiff and the Class are entitled to an award of up to $1,500.00 in statutory damages for each message sent in knowing and willful violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(C).

53. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

54. Further, Plaintiff and the Class are also entitled to and do seek a declaration that:

- Defendant knowingly and/or willfully violated the TCPA;
- Defendant knowingly and/or willfully initiated more than one telephone solicitation text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period despite the fact that Plaintiff and other class members' telephone numbers were registered on the National Do-Not-

Call Registry at all relevant times;

- Defendant knowingly and/or willfully initiated more than one telephone telemarketing text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendant, and Defendant failed to honor the do-not-call request within a reasonable period of time from the date the request was made; and

- It is Defendant's practice and history to place telephone solicitations and telemarketing messages to persons whose telephone numbers are registered on the National Do-Not-Call Registry and to persons who had previously made a do-not-call request to Defendant.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendant as follows:

A. Injunctive relief prohibiting such violation of the TCPA by Defendant in the future;

B. Statutory damages of $500.00 for each and every text message in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(B);

C. Treble damages of up to $1,5000.00 for each and every text message in willful and/or knowing violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(C)

D. An award of attorneys' fees and costs to counsel for Plaintiff and the Class; and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 19, 2023

    Respectfully submitted,

    By: /s/ Lawrence B. Serbin
    Lawrence B. Serbin
    The Law Offices of Jason E. Taylor, P.C.
    301 S. McDowell Street, Suite 1016
    Charlotte, NC 28204
    Telephone: 800-351-3008
    Facsimile: 704-676-1094

    Sergei Lemberg (*special admission forthcoming*)
    LEMBERG LAW, L.L.C.
    43 Danbury Road, 3rd Floor
    Wilton, CT 06897
    Telephone: (203) 653-2250
    Facsimile: (203) 653-3424

    *Attorneys for Plaintiff*

16

Case 1:23-cv-00486-WO-JEP     Document 1     Filed 06/19/23     Page 16 of 16