IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ALEX HUDSON, on behalf of himself and all other similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )     Civil Action No. 1:23-CV-486<br>) |
| PALM BEACH TAN, INC., | )<br>) |
| Defendant. | )<br>) |

## PALM BEACH TAN'S BRIEF
## IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................... 2

TABLE OF AUTHORITIES ............................................................................................ 3

I. NATURE OF THE MATTER .............................................................................. 5

II. BACKGROUND ................................................................................................... 6

III. QUESTIONS PRESENTED ................................................................................. 7

IV. ARGUMENT ........................................................................................................ 7

    A. Legal Standard. ........................................................................................ 7

    B. The TCPA. ............................................................................................... 8

    C. Plaintiff's Complaint Must Be Dismissed Because He Is Not a Residential Telephone Subscriber. ............................................................. 9

    D. Plaintiff's Complaint Must Be Dismissed Because Section 227(c)(5) Does Not Allow for a Right of Action Premised on the Sending of Text Messages. ............................................................................................... 12

    E. Plaintiff's TCPA Claim Must Separately Be Dismissed to the Extent Premised on 47 C.F.R. § 64.1200(d) Because the TCPA Does Not Provide a Private Right of Action for Such Alleged Violations. ............................ 14

V. CONCLUSION ................................................................................................... 16

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)....................................................................7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ...........................................7

*Blankenship v. Manchin*, 471 F.3d 523 (4th Cir. 2006) .........................................8

*Braver v. NorthStar Alarm Servs.*, LLC, No. CIV-17-0383-F, 2019 WL 3208651 (W.D. Okla. July 16, 2019) ......................................................15

*Cunningham v. Politi*, No. 4:18-cv-362, 2019 WL 2519702 (E.D. Tex. Apr. 26, 2019)................................................................................................10

*Cunningham v. Rapid Capital Funding, LLC/RCF*, No. 3:16-CV-02629, 2017 WL 3574451 (M.D. Tenn. July 27, 2017)................................................12

*Cunningham v. Sunshine Consulting Grp., LLC*, No. 3:!6-cv-2921, 2018 WL 3496538 (M.D. Tenn. July 20, 2018) .......................................................10

*Gaker v. Q3M Ins. Solutions*, No. 3:22-cv-296, 2023 WL 2472649 (W.D.N.C. Feb. 8, 2023)....................................................................................passim

*Massey v. Ojaniit*, 759 F.3d 343 (4th Cir. 2014)....................................................7

*McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582 (4th Cir. 2015) ......................................................................................8

P*erez v. Mortgage Bankers Ass'n*, 575 U.S. 92 (2015)........................................11

*Salcedo v. Hanna*, 936 F.3d 1162 (11th Cir. 2019)................................................8

*Wilson v. PL Phase One Operations L.P.*, No. DKC-18-3285, 422 F. Supp. 3d 971 (D. Md. Sept. 27, 2019)................................................................14, 16

*Worsham v. Travel Options, Inc.*, No. 14-cv-2749, 2016 WL 4592373 (D. Md. Sept. 2, 2016).........................................................................................15, 16

**Other Authorities**

47 U.S.C. § 227(c) .........................................................................................passim

47 C.F.R. § 64.1200(c) ..................................................................................passim

**PALM BEACH TAN'S BRIEF
IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**     3

47 C.F.R. § 64.1200(d) ................................................................................passim

47 C.F.R. § 64.1200(e) .............................................................................5, 6, 13

47 C.F.R. §§ 64.1200(f).......................................................................................9

Rules & Regulations Implementing the Telephone
Consumer Protection Act of 1991 ................................................................13, 14

Defendant Palm Beach Tan, Inc. ("Palm Beach Tan") submits this Brief in support of its Motion to Dismiss ("Motion") Plaintiff's Complaint ("Complaint") for Failure to State a Claim. In support thereof, Palm Beach Tan respectfully shows the Court as follows:

## I. NATURE OF THE MATTER

Plaintiff's Complaint must be dismissed for three separate but equally compelling reasons:

***First***, Plaintiff's Complaint must be dismissed in its entirety because the right of action created by Section 227(c)(5) of the TCPA under which he attempts to file suit is limited to redress for violations of Federal Communication Commission ("FCC") regulations that concern "residential telephone subscribers."[1] The TCPA claim that Plaintiff pleads here, however, is premised on text messages purportedly sent to ***cellular*** telephones. The plain text of the TCPA draws a distinction between cellular telephone users and residential telephone subscribers—and several courts, including those within this Circuit, have dismissed TCPA claims on such grounds, notwithstanding the FCC's interpretation of the term as set forth in 47 C.F.R. § 64.1200(e). As these courts have found, the FCC's interpretation exceeds its authority, contravenes the clear text of the statute and ignores its purpose, and is not binding or determinative here.

***Second***, Plaintiff cannot pursue a claim under Section 227(c)(5), because that statutory provision only provides a right of action where violative ***telephone calls***—not

---

[1] As otherwise noted herein, however, TCPA Section 227(c)(5) does not allow for a private right of action to redress an alleged violation of 47 C.F.R. § 64.1200(d).

text messages—are sent. As discussed below, 47 C.F.R. § 64.1200(e) does not and cannot expand the scope of Section 277(c)(5) to encompass text messages.

***Third***, Plaintiff cannot pursue a claim under Section 227(c)(5) to the extent that it is premised on any alleged violation of 47 C.F.R. § 64.1200(d), because there is no private right of action for such alleged violations.

For these reasons, and those further stated below, Palm Beach Tan respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice.

## II. BACKGROUND

Plaintiff Alex Hudson ("Plaintiff") filed this lawsuit against Palm Beach Tan on behalf of himself and the putative class he purports to represent on the alleged basis that Palm Beach Tan violated the TCPA by sending text messages to cellular telephones in violation of Section 227(c)(5) of the statute.[2] Setting aside that discovery would reveal the falsity of these allegations—as Palm Beach Tan did not send any such text messages and did no such thing—Plaintiff asserts that the text messages in question are prohibited by the TCPA and certain FCC regulations. Specifically, in pursuing this claim, Plaintiff complains that Palm Beach Tan violated 47 C.F.R. § 64.1200(c)(2) by sending text messages to cellular telephone numbers allegedly registered on the national do-not-call registry ("NDNC"), and 47 C.F.R. § 64.1200(d)(3) by sending text messages to cellular telephone subscribers despite do-not-call requests.[3]

---

[2] *See, e.g.*, Compl. at ¶¶ 1, 40-43, 49-50.
[3] *See, e.g.*, *id.* at ¶¶ 11-12, 14-15, 18, 28, 37- 43 (Count I), 49-51 (Count II).

**PALM BEACH TAN'S BRIEF
IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** 6

## III. QUESTIONS PRESENTED

The primary question presented by this Motion is whether Plaintiff has failed to state a claim upon which relief can be granted and, in particular:

1. Whether Plaintiff's claim under TCPA Section 227(c)(5) must be dismissed for failure to plausibly plead facts establishing that he is a "residential telephone subscriber".

2. Whether Plaintiff's claim under TCPA Section 227(c)(5) must be dismissed because violations of this provision cannot be premised on the sending of text messages.

3. Whether Plaintiff's claim under TCPA Section 227(c)(5) must be dismissed to the extent premised on an alleged violation of 47 C.F.R. § 64.1200(d) because the TCPA does not recognize a private right of action on such grounds.

## IV. ARGUMENT

### A. Legal Standard.

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Labels and conclusions[,]" "a formulaic recitation of the elements of a cause of action[,]" and "naked assertions … without some further factual enhancement" are insufficient. *Twombly*, 550 U.S. at 557; *Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014) (court is not obligated

to accept "'unwarranted inferences, unreasonable conclusions, or arguments'") (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). When a plaintiff's cause of action arises out of a statutory framework, the plaintiff is required to allege facts sufficient to satisfy the elements of the cause of action created by that statute. *E.g.*, *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015).

**B.     The TCPA.**

Congress enacted the TCPA to address a rise in telemarketing calls to U.S. consumers,[4] finding that such calls violated the sanctity of consumers' **homes**. "[T]he findings in the TCPA show a concern for privacy within the sanctity of the home … [while] cell phones are often taken outside of the home and often have their ringers silenced, presenting less potential for nuisance and home intrusion." *See Gaker v. Q3M Ins. Solutions*, No. 3:22-cv-296, 2023 WL 2472649, at *3 (W.D.N.C. Feb. 8, 2023) (quoting *Salcedo v. Hanna*, 936 F.3d 1162, 1168-69 (11th Cir. 2019)).[5]

Section 227(c) of the TCPA directed the FCC to engage in rulemaking proceedings and prescribe regulations aimed at "protect[ing] residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1)-(2). Pursuant thereto, the FCC established the National Do-Not-Call Registry

---

[4] *FCC Actions on Robocalls, Telemarketing*, FED. COMMC'NS COMM'N, https://www.fcc.gov/general/telemarketing-and-robocalls#:~:text=In%20an%20effort%20to%20address,artificial%20or%20prerecorded%20voice%20messages (last visited August 8, 2023).

[5] As discussed further below, Magistrate Judge Cayer issued the *Gaker* decision as a Memorandum and Recommendation that recommended dismissal of the plaintiff's TCPA complaint. The parties thereafter sought a stay of case proceedings and ultimately reached settlement before the District Court considered the Memorandum and Recommendation. *See* No. 3:22-cv-296 (W.D.N.C.), Dkt. Nos. 31-32.

**PALM BEACH TAN'S BRIEF
IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT                                                         8**

("NDNCR").[6] With certain exceptions, an entity is generally prohibited from sending telephone solicitations to a residential telephone subscriber whose number is registered on the NDNCR. 47 C.F.R. §§ 64.1200(c)(2), (f)(15). The TCPA provides for a private right of action to a consumer "who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under [Section 227(c)]." 47 U.S.C. § 227(c)(5).

The TCPA separately directed the FCC to promulgate certain "[t]echnical and procedural standards" regarding the conduct of telemarketers. 47 U.S.C. § 227(d). The FCC promulgated regulations requiring that any entity making calls for telemarketing purposes to residential telephone subscribers institute procedures for maintaining a list of persons who request not to receive telemarketing calls. *See* 47 C.F.R. § 64.1200(d). However, and as is discussed further below, the TCPA did not provide for a private right of action for violations of such standards, but instead provided for their enforcement by the FCC and state attorneys general. 47 U.S.C. § 227(d)(5)-(6).

**C.    Plaintiff's Complaint Must Be Dismissed Because He Is Not a Residential Telephone Subscriber.**

Plaintiff's Complaint must be dismissed in the first instance because he pleads no allegations plausibly demonstrating that he is a "residential telephone subscriber." That showing is required, however, to establish violations of the FCC regulations under which he purports to sue. *See* 47 U.S.C. § 227(c) ("[T]he Commission shall initiate a rulemaking

---

[6] *FCC Actions on Robocalls, Telemarketing*, *supra* n. 1.

**PALM BEACH TAN'S BRIEF
IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT                              9**

proceeding concerning the need to protect ***residential telephone subscribers'*** ….") (emphasis added); 47 C.F.R. § 64.1200(c) ("No person or entity shall initiate any telephone solicitation to … ***[a] residential telephone subscriber*** …."); *id.* § 64.1200(d) ("No person or entity shall initiate … any call for telemarketing purposes to ***a residential telephone subscriber*** …." (emphases added).

While the term is left undefined in the TCPA, several courts—including those within this Circuit—have concluded that a cellular telephone subscriber is not a "residential telephone subscriber." *See, e.g.*, *Gaker*, 2023 WL 2472649, at *3 (recommending the dismissal of plaintiff's TCPA complaint on defendants' argument that "the TCPA applies only to residential telephones and based upon the statutory language and structure, does not extend to cell phones"); *see also Cunningham v. Politi*, No. 4:18-cv-362, 2019 WL 2519702, at *4 (E.D. Tex. Apr. 26, 2019), *adopted*, 2019 WL 2526536 (E.D. Tex. June 19, 2019) ("The private right of action created by 47 U.S.C. § 227(c)(5) is accordingly limited to redress for violations of the regulations that concern residential telephone subscribers. Recent courts considering [similar] claims have found § 227(c)(5) does not encompass … cellular phones …."); *Cunningham v. Sunshine Consulting Grp., LLC*, No. 3:!6-cv-2921, 2018 WL 3496538, at *6 (M.D. Tenn. July 20, 2018), *adopted*, 2018 WL 5728534, (M.D. Tenn. Aug. 7, 2018) ("Plaintiff alleges only calls to his cellular phone. Accordingly, he fails to state a claim for relief under 47 U.S.C. § 227(c)(5), and Count II should be dismissed.").

Relevant here, in reaching this determination, the *Gaker* court rejected the plaintiff's argument that the FCC's interpretation of "residential subscriber[]" to include cell phone

users superseded the "clear text of the TCPA" and Congress' "authority … to amend the TCPA and bring cell phones within its protections." *Gaker*, 2023 WL 2472649, at *3 ("The FCC's interpretation at issue does not preclude this Court from applying the clear text of the TCPA. '[T]he judicial power, as originally understood, requires a court to exercise its independent judgment in interpreting and expounding upon the laws.'") (quoting *Perez v. Mortgage Bankers Ass'n*, 575 U.S. 92, 119 (2015) (Thomas, J., concurring)). The court reasoned more fully:

> The FCC's rulemaking authority under section 227(c) extends only to unwanted telephone solicitations directed at "residential telephone subscribers." … "Residential" is defined as 'used as a residence or by residents,' and 'resident' is defined as 'living in a place for some length of time,' or 'one who resides in a place.'" …. Notably, Congress referenced "cellular telephone" in other provisions of the statute. … "[T]he TCPA specifically mentions 'cellular telephone service' in § 227(b) and § 64.1200(a)(1)(iii), evidencing that both Congress and the FCC were aware of the distinction between a cellular telephone and a residential telephone and purposely protected only 'residential telephone subscribers' under § 227(c), § 64.1200(c) and (d)." …
>
> Cell phones do not present the same concerns as residential telephones. … "[T]he findings in the TCPA show a concern for privacy within the sanctity of the home ... cell phones are often taken outside of the home and often have their ringers silenced, presenting less potential for nuisance and home intrusion." … Cell phones' mobility and functionality to silence or decline calls alleviate the concerns inherent with a home telephone.

*Id.* (internal citations omitted).

Thus, relying not only on the TCPA's plain language, but also on its intended purpose as indicated by Congressional findings at the time of its passing, the *Gaker* court held that the FCC's rulemaking power was constrained by the statutory text and that "[t]he

structure and language of the TCPA controvert coverage of cell phones." *Id.* This Court should hold the same.[7]

### D. Plaintiff's Complaint Must Be Dismissed Because Section 227(c)(5) Does Not Allow for a Right of Action Premised on the Sending of Text Messages.

Plaintiff's Complaint must also be dismissed because the plain language of TCPA Section 227(c)(5) only allows for a right of action based on the receipt of ***telephone calls***—not text messages. This is readily discernible from the statutory provision, which provides a "private right of action" to "[a] person who has received more than one ***telephone call*** within any 12-month period … in violation of the regulations prescribed under this subsection …." 47 U.S.C. § 227(c)(5) (emphasis added). While the statute does not define the terms "call" or "telephone call," they do not encompass text messages.

Indeed, the surrounding statutory language evidences this fact by otherwise expressly prohibiting the use of "text messages" in certain manner and providing separate definitions for the terms "text message" and "text messaging service." *See, e.g.*, 47 U.S.C. § 227(e)(1) ("It shall be unlawful for any person … in connection with any voice service or ***text messaging service*** ….") (emphasis added); *id.* at § 227(e)(8)(C) ("The term 'Text message' … means a message consisting of text, images, sounds, or other information that is transmitted to or from a device … [and] does not include . . . a real-time, two-way voice

---

[7] Even if the Court finds that a cellular telephone could constitute a "residential telephone" for purposes of Section 227(c)(5), Plaintiff's Complaint must still be dismissed for failing to plead facts showing that his cellular telephone is used for residential purposes. *See, e.g.*, *Cunningham v. Rapid Capital Funding, LLC/RCF*, No. 3:16-CV-02629, 2017 WL 3574451, at *3 (M.D. Tenn. July 27, 2017), *adopted*, 2017 WL 3776165 (M.D. Tenn. Aug. 31, 2017) ("As Plaintiff has not alleged facts showing his cell phones are used for residential purposes, he fails to state a claim under 47 U.S.C. § 227(c) ….").

… communication[.]"); *id.* § 227(e)(8)(D) ("[T]he term 'text messaging service' means a service that enables the transmission or receipt of a text message.").

Congress' drafting of the statute in such manner demonstrates that if it intended to include "text messages" within the scope of Section 227(c)(5), it knows how to do so and could have done so. *Cf. Hamdan v. Rumsfeld*, 548 U.S. 557, 578 (2006) ("A familiar principle of statutory construction … is that a negative inference may be drawn from the exclusion of language from one statutory provision that is included in other provisions of the same statute."); *Gaker*, 2023 WL 2472649, at *3 (noting that the "expression unius" canon applies when "circumstances support[] a sensible inference that the term left out must have been meant to be excluded.") (internal citation and quotation marks omitted, alterations in original).

47 C.F.R. § 64.1200(e)—which purports to comment on "[t]he rules set forth in paragraph (c) and (d)" of that section[8]—does not compel a contrary result. The FCC's guidance purporting to extend protections for residential telephone subscribers to cell phone users did not purport to expand the scope of TCPA Section 277(c)(5) to encompass text messages. The FCC's guidance comments that, in its view, text messages[9] can be prohibited, but only in the context of TCPA Section 227(b) and the FCC's rules related thereto, which are not at issue in this lawsuit. *See In re Rules & Regulations Implementing*

---

[8] *See* 47 C.F.R. § 64.1200(e) ("The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, GC Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.'").

[9] The FCC's guidance specifically referenced "short message service …." *See In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14115-16 at ¶ 165.

**PALM BEACH TAN'S BRIEF**
**IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT                              13**

Case 1:23-cv-00486-UA-JEP    Document 13    Filed 08/18/23    Page 13 of 18

*the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14115-16 at ¶ 165, n.603-605 (2003). However, with respect to other solicitations to wireless numbers registered on the NDNC registry, the FCC makes clear that it was concerned with "live calls." *See id.* at ¶¶ 166-67. Regardless, the language of the statute controls. Because Congress clearly intended Section 227(c)(5) to only encompass "telephone calls" (and not text messages, *see supra* at 12-13), any argument that the FCC provided otherwise must be rejected by the Court as such action by the FCC would constitute an impermissible expansion of its Congressional authority. *Cf. Gaker*, 2023 WL 2472649, at *3.

E.  **Plaintiff's TCPA Claim Must Separately Be Dismissed to the Extent Premised on 47 C.F.R. § 64.1200(d) Because the TCPA Does Not Provide a Private Right of Action for Such Alleged Violations.**

Plaintiff's Complaint must also be dismissed to the extent it is premised on an alleged violation of Section 64.1200(d) because the TCPA does not provide for a private right of action on such grounds. *See, e.g.*, *Wilson v. PL Phase One Operations L.P.*, No. DKC-18-3285, 422 F. Supp. 3d 971, 981-82 (D. Md. Sept. 27, 2019) ("The TCPA provides a private right of action under subsections *b* and *c*. 47 C.F.R § 64.1200(d) appears to fall within subsection *d*'s scope, which does not provide a private right of action. Accordingly, Count II will be dismissed.") (emphasis in original); *Braver v. NorthStar Alarm Servs., LLC*, No. CIV-17-0383-F, 2019 WL 3208651, at *14-15 (W.D. Okla. July 16, 2019) ("There is no private right of action for alleged violations of § 64.1200(d), and defendants are therefore entitled to summary judgment in their favor on count three.").

Plaintiff cannot seek relief under these regulations because they are more appropriately viewed as setting procedural standards. *See, e.g.*, *Worsham v. Travel Options, Inc.*, No. 14-cv-2749, 2016 WL 4592373, at *4, 7 (D. Md. Sept. 2, 2016), *aff'd*, 678 Fed. Appx. 165 (4th Cir. 2017) (emphasis added in bolded text; emphasis in non-bolded text in original):

> The TCPA permits a person to institute a private action based on a violation of subsection *b* and the regulations prescribed under that subsection "to enjoin such violation [and/or] ... to receive $500 in damages for each such violation," § 227(b)(3); as well, subsection *c* grants a right of private action to "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under [subsection *c*] ... to enjoin such violation [and/or] ... to receive up to $500 in damages for each such violation," § 227(c)(5). ***No private right of action is granted under any other subsection of § 227***.
>
> The FCC is charged with the responsibility of prescribing regulations to implement the requirements of the TCPA's various subsections and, accordingly, has promulgated regulations codified at 47 C.F.R. § 64.1200. The FCC has addressed the specific concerns expressed in subsection *b* within § 64.1200(a), and it has addressed those expressed in subsection *c* within § 64.1200(c). What the FCC has prescribed in § 64.1200(b) implements subsection *d* of the TCPA, which mandates regulations for technical and procedural standards for telephone calls initiated by an automatic telephone dialing system or calls using an artificial or prerecorded voice system; likewise, the requirements of § 64.1200(d) set forth the procedural standards for telemarketers to maintain their own, company-specific, do-not-call lists and, consequently, appear to fall under the aegis of subsection *d* of the TCPA … ***[Section] 64.1200(d)(4) is more appropriately viewed as setting procedural standards and, therefore, within the realm of the TCPA's subsection d, for which no private right of action exists ....***

*See also Wilson*, 422 F. Supp. 3d at 981-82 (finding the above-referenced analysis in *Worsham* "persuasive and applicable").

## V. CONCLUSION

For the reasons set forth above, Palm Beach Tan respectfully requests that the Court grant this Motion to Dismiss and dismiss Plaintiff's Complaint with prejudice.

Dated: August 18, 2023	*Respectfully submitted,*

/s/ Jared D. Eisenberg
Michael P. Lynn, P.C.
mlynn@lynnllp.com
Texas Bar No. Texas Bar No. 12738500
Jared Eisenberg
jeisenberg@lynnllp.com
Texas Bar No. 24092382
Braden L. Dotson
bdotson@lynnllp.com
Texas Bar No. 2410808
LYNN PINKER HURST & SCHWEGMANN LLP
2100 Ross Avenue
Suite 2700
Dallas, Texas 75201
Tel. (214) 981-3800
Fax (214 981-3839

/s/ D.J. O'Brien III
D.J. O'Brien III
dobrien@brookspierce.com
N.C. State Bar No. 35481
William A. Robertson
wrobertson@brookspierce.com
N.C. State Bar No. 53589
BROOKS, PIERCE, MCLENDON,
HUMPHREY & LEONARD, LLP
2300 Renaissance Plaza
230 North Elm Street
Greensboro, NC 27401
Tel. (336) 373-8850
Fax (336) 378-1001

*Counsel for Defendant Palm Beach Tan, Inc.*

## CERTIFICATE OF WORD COUNT

The undersigned hereby certifies that the foregoing document complies with the standards set out in LR 7.3 and contains 2,490 words excluding portions exempt by the rule.

*/s/ Braden L. Dotson*
Braden L. Dotson